UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAUREEN KIRKPATRICK; MILO KIRKPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Case No. 3:25-cv-05788-TMC<br><br>ORDER TO SHOW CAUSE |

### I.   ORDER

The Court issues this Order on its own accord after reviewing Defendant State Farm Fire and Casualty Company's notice of removal and corporate disclosure statement. Dkt. 1; Dkt. 7; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (The Court has "an independent obligation to determine whether subject-matter jurisdiction exists.").

This is a Court of limited jurisdiction. For a legal action to proceed, the Court must have subject matter jurisdiction over the action. In the notice of removal, Defendant alleges that Plaintiff is a citizen of Washington. Dkt. 1 ¶ 4. Defendant also alleges that it is a "foreign insurer having its principal place of business in Illinois." *Id.* ¶ 5. For there to be diversity jurisdiction

ORDER TO SHOW CAUSE - 1

(which would provide the Court with subject matter jurisdiction), the amount in dispute must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a). The Court has reviewed the filings and requires clarification to determine if it may maintain jurisdiction over this action.

There must be complete diversity of citizenship between the opposing parties. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Local Civil Rule 8(a) requires that any plaintiff asserting diversity jurisdiction in this District must identify the citizenship of the parties in their complaint. *See* LCR 8(a). The same is true for a Defendant removing a case to this Court. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and [Defendant's] notice of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . Since the party asserting diversity jurisdiction bears the burden of proof, . . . [Defendant's] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.").

Under Local Civil Rule 7.1(a), a corporate disclosure statement must identify any parent corporation and any publicly held corporation owning more than 10% of its stock. Rule 7.1(b) then requires that "for any person or entity identified in (a)(1) above, the corporate disclosure statement must also list those states in which the party, owners, partners, or members are citizens." But here, Defendant states only that it "is a wholly-owned subsidiary of State Farm Mutual Automobile Insurance Company." Dkt. 7 at 1. And Defendant explains, "State Farm Mutual Automobile Insurance Company is domiciled in the state of Illinois and has no parent company." *Id.* Defendant has alleged domicile, but it has failed to allege corporate citizenship. Defendant must identify all places where it is a citizen based on the type of corporate entity it is. *See, e.g.*, 28 U.S.C. § 1332 ("a corporation shall be deemed to be a citizen of every State and

foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Accordingly, the Court ORDERS Defendant to respond within 14 days and/or amend its corporate disclosure statement to address whether the Court has subject matter jurisdiction over the case.

Dated this 12th day of September, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE - 3